UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MANUEL BISHOP, JR., JOANN V. BISHOP, INDIVIDUALLY AND AS THE LEGAL REPRESENTATIVE OF JAMES MANUEL BISHOP, JR. AND SHAUN C. BISHOP, INDIVIDUALLY AND AS THE LEGAL REPRESENTATIVE OF JAMES MANUEL BISHOP, JR. | CIVIL ACTION |
| VERSUS | NO. 07-2832 |
| SHELL OIL COMPANY, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court are "Defendant Murphy Oil USA, Inc.'s Motion to Dismiss Plaintiffs' Original Complaint in Part Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted, and Alternative Motion for More Definitive Statement Pursuant to Fed R. Civ. P. 12(e) Based on Plaintiffs' Failure to Plead Fraud With Particularity Pursuant to Fed. R. Civ. P. 9(b)" (Rec. Doc. No. 17). The Court rules on these alternative motions as stated herein.

In their original opposition memorandum, Plaintiffs agree that James Manuel Bishop, Jr., who is deceased, cannot maintain a claim on his own behalf. *See* Rec. Doc. No. 19. Accordingly, **IT IS ORDERED** that Defendant Murphy Oil USA, Inc.'s request for dismissal of any claims purportedly asserted by James Manuel Bishop, Jr., ("Mr. Bishop, Jr."), on his own behalf, rather than by his legal representatives, is **GRANTED**. To the extent that Defendant Murphy Oil USA, Inc.'s motion to dismiss seeks dismissal of any other party or claim, **IT IS ORDERED** that

the request is **DENIED**.

Regarding Defendant Murphy Oil USA, Inc.'s motion for a more definitive statement of fraud pursuant to Rules 9(b) and 12(e) of the Federal Rules of Civil Procedure, Rule 9(b) requires that circumstances constituting fraud be alleged in the complaint with "particularity." "'What constitutes "particularity" will necessarily differ with the facts of each case[.]'" *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). "'At a minimum, [however,] Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Stated differently, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out.'" *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

In *Chrysler Credit Corp. v. Whitney National Bank*, however, Judge Clement acknowledged: "Fraud by silence . . . 'is, by its very nature, difficult to plead with particularity.'" *See Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F. Supp. 587, 598 (E.D. La. 1993) (quoting *Daher v. G. D. Searle & Co.*, 695 F. Supp. 436, 440 (D. Minn. 1988)). Judge Clement continued:

> Because [fraud by silence] does not involve an affirmative misrepresentation, it often does not occur at a specific place or precise time, or involve specific persons. Nonetheless, a plaintiff alleging fraud by silence should be able to allege the following with reasonable particularity: (1) the information that was withheld, (2) the general time period during which the fraudulent conduct occurred, (3) the relationship giving rise to the duty to speak, and (4) what the person or entity engaged in the fraudulent conduct gained by withholding the information.

*Id.* Even using the somewhat more relaxed pleading standard set forth in *Chrysler Credit Corp.*, Plaintiffs' allegations of fraud are not sufficiently particular and, therefore, do not provide Defendant Murphy Oil USA, Inc., sufficient notice of the claims asserted against it.

First, Plaintiffs' allegations inappropriately lump all of the defendants together. In particular, Plaintiffs do not allege the specific wrongful conduct of each defendant, how that conduct injured him, or Mr. Bishop, Jr.'s relationship to each defendant. Second, Plaintiffs' allegations regarding the time period during which the fraudulent conduct – January 1967 to 1986 and 1996 to 1997 – are extremely overbroad when considered along with the dearth of information provided regarding the specific conduct of each defendant and Mr. Bishop, Jr's relationship to that defendant. *Compare, e.g., Giardina v. Ruth U. Fertel, Inc.*, No. 00-1674, 2000 WL 1708283, *2 (E.D. La.) (Clement, J.) (allegation of conduct occurring from late 1997 to early 1998 was sufficiently specific).

The Court is not aware that any of this information is unknown by or unavailable to Plaintiffs. Nor have Plaintiffs offered any compelling reason as to why they should otherwise be excused from including this basic information in their complaint. Accordingly, **IT IS FURTHER ORDERED** that Defendant Murphy Oil USA, Inc.'s motion for a more definitive statement of fraud pursuant to Rules 9 and 12(e) of the Federal Rules of Civil Procedure is **GRANTED**. If Plaintiffs desire to proceed with their claims of fraud against Defendant Murphy Oil USA, Inc., they must amend their complaint to rectify the deficiencies noted herein.

The amended complaint is to supersede the original complaint in that it should include all of the allegations from the original complaint on which Plaintiffs continue to rely and

Plaintiffs' amending and supplemental allegations. The amended complaint must be filed within fifteen (15) calendar days from entry of this Order and Reasons.

New Orleans, Louisiana, this __3rd__ day of January, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

4