UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MANUEL BISHOP, JR., ET AL<br>JOANN V. BISHOP, AND SHAUN C. BISHOP | CIVIL ACTION |
| VERSUS | NO. 07-2832 |
| SHELL OIL COMPANY, ET AL. | SECTION "N" (5) |

**ORDER AND REASONS**

Presently before the Court are: (1) "Murphy Oil USA, Inc.'s Motion to Dismiss Fraud Claims and, Alternatively, Motion for More Definite Statement Pursuant to Fed R. Civ. P. 12(e)" (Rec. Doc. No. 39); (2) the "Motion to Dismiss Fraud and Exemplary Damage Claims" filed by Defendants Shell Oil Company, Shell Company L.P., Marathon Oil Company, and El Paso Energy E.S.T. Company, as trustee for EPEC Oil Liquidating Trust (Rec. Doc. No. 45); (3) "Radiator Specialty Company's 12(b)(6) Motion for Failure to State a Claim Upon Which Relief Can be Granted" (Rec. Doc. No. 32); and (4) "Plaintiffs' Motion for Voluntary Dismissal of All Fraud Claims and Some Exemplary Damages Claims" (Rec. Doc. No. 57).

Having considered the motions, **IT IS ORDERED** that Plaintiffs' motion to dismiss (Rec. Doc. No. 57) is **GRANTED**. Accordingly, Plaintiffs' fraud claims against all Defendants and Plaintiffs' exemplary damages claims against Defendants Shell Oil Company, Shell Company L.P., and Marathon Oil Company are **DISMISSED WITHOUT PREJUDICE**. This ruling renders Murphy Oil's motion to dismiss (Rec. Doc. No. 39) **MOOT** in its entirety. The motion to dismiss filed by the Shell defendants, Marathon Oil, and El Paso Energy (Rec. Doc. No. 45) is rendered

**MOOT** as to the Shell defendants and Marathon Oil and as to the fraud claims asserted against El Paso Energy. That motion to dismiss (Rec. Doc. No. 45) is **GRANTED**, however, as to Plaintiffs' exemplary damages claim against El Paso Energy. The motion is dismiss filed by Radiator Specialty (Rec. Doc. No. 32) is rendered **MOOT** as to Plaintiffs' fraud claims, but **GRANTED** as to Plaintiffs' exemplary damages claims. The dismissal rulings as to Plaintiffs' exemplary damages claims against Defendants Radiator Specialty and El Paso Energy, however, are **WITHOUT PREJUDICE** to Plaintiffs' right to amend their complaint in accordance with this Order and Reasons.

## BACKGROUND

In this action, Plaintiffs assert various claims arising out of James Manuel Bishop, Jr.'s ("Mr. Bishop") alleged contact with benzene and products containing benzene as part of his work as a pipefitter, mechanic, and plumber from January 1967 through 1986 and from 1996 through 1997. Certain defendants have filed motions to dismiss with respect to Plaintiffs' fraud claims and claims for exemplary damages. As indicated above, Plaintiffs' motion for voluntary dismissal has rendered moot these defendants' motions to dismiss relative to Plaintiffs' fraud claims and Plaintiffs' claims for exemplary damages against the Shell defendants and Marathon Oil. Defendants' motions to dismiss relative to Plaintiffs' claims for exemplary damages against Defendants Radiator Specialty and El Paso Energy are addressed herein.

## LAW AND ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534

2

U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* --- U.S. ---, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted) (emphasis added); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 127 S. Ct. at 1974)). [1] In

---

[1] Relative to the notice pleading standard, the *Twombly* Court further explained:

> The dissent greatly oversimplifies matters by suggesting that the Federal Rules somehow dispensed with the pleading of facts altogether. *See post,* at 1979 (opinion of STEVENS, J.) (pleading standard of Federal Rules "does not require, or even invite, the pleading of facts"). While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

3

other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S. Ct. at 1965.[2]   The degree of required specificity depends on context, *i.e.* the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.  2008)

If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted).[3]  In making this

---

*Twombly,* 127 S. Ct. at  1964-65 n 3.

[2]   The Third Circuit Court of Appeals recently described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly,* 127 S. Ct. at 1965, 1974).

[3]   In *Twombly*, the Supreme Court also took the opportunity to clarify the frequently quoted principle that a Rule 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. at 998 (internal citations omitted). Specifically, the Supreme Court stated:

> [In *Conley v. Gibson*, 355 U.S. 41,45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957),] Justice Black's opinion for the Court [] spoke not only of the need for fair notice of the grounds for entitlement to relief but of the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [] On such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts" to support recovery.
> \* \* \*
> Seeing this, a good many judges and commentators have balked at taking the literal terms of the *Conley* passage as a pleading standard. See, *e.g., Car Carriers* [*v.  Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.  1984)] ("*Conley* has never been interpreted literally") and, "[i]n

4

practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" (internal quotation marks omitted; emphasis and omission in original); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1155 (9th1989) (tension between *Conley's* "no set of facts" language and its acknowledgment that a plaintiff must provide the "grounds" on which his claim rests); *O'Brien v. DiGrazia,* 544 F.2d 543, 546, n. 3 (1st Cir. 1976) ("[W]hen a plaintiff . . . supplies facts to support his claim, we do not think that *Conley* imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional . . . action into a substantial one"); *McGregor v. Industrial Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988) (quoting *O'Brien's* analysis); Hazard, From Whom No Secrets Are Hid, 76 Tex. L. Rev. 1665, 1685 (1998) (describing *Conley* as having "turned Rule 8 on its head"); Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 Colum. L.Rev.433, 463-465 (1986) (noting tension between *Conley* and subsequent understandings of Rule 8).

We could go on, but there is no need to pile up further citations to show that *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *See Sanjuan* [*v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied* 516 U.S.1159, 116 S. Ct. 1044 (1996)] (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"); *accord*, *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 992; *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S. Ct. 798, 127 L. Ed.2d 99 (1994); *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 249-250, 109 S. Ct. 2893, 106 L. Ed.2d 195 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed.2d 59 (1984). *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate

5

determination, the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S. Ct. 2279 (1986).  Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001).  Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate.  *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

As previously stated, the pending motions challenge the pleading of Plaintiffs' claims for exemplary damages pursuant to now repealed Louisiana Civil Code article 2315.3.  Prior to its repeal in 1996, Article 2315.3 provided:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

Applying the pleading standards set forth above, the Court finds that the allegations of Plaintiffs' amended complaint are inadequate to provide fair notice of Plaintiffs' claims for exemplary damages against Radiator Specialty and El Paso Energy and the bases for those claims.  Specifically, the amended complaint offers no explanation of how these defendants "stored, handled, or transported" benzene in a manner demonstrating "wanton or reckless disregard for public safety."  *See* Plaintiffs' First Amended Complaint (Rec. Doc. No. 37) at ¶¶ 47-49.  Rather, Plaintiffs' allegations with respect to these claims essentially simply track the language of the code article.  This is not sufficient.  Further, with respect to El Paso Energy Specialty, the complaint

---

pleading to govern a complaint's survival.[]

*Twombly,* 127 S. Ct. at 1968-69 & n. 8.

should include some explanation of how Mr. Bishop allegedly was exposed to benzene during his work at this particular defendant's facility in October and November 1984.

The Court is not aware that any of this information is unknown by Plaintiffs. Nor have Plaintiffs offered any compelling reason as to why they should otherwise be excused from including this basic information in their complaint. Accordingly, **IT IS ORDERED** that, if Plaintiffs desire to proceed with their claims for exemplary damages, pursuant to former Civil Code article 2315.3, against defendants Radiator Specialty and El Paso Energy, they must amend their complaint to rectify the deficiencies noted herein. This will be Plaintiffs' last opportunity to amend so as to sufficiently plead these claims.

If filed, Plaintiffs' second amended complaint is to supersede the original and first amended complaints in that it should include all of the allegations from the original and first amended complaints on which Plaintiffs continue to rely, as well as Plaintiffs' amending and supplemental allegations. The second amended complaint must be filed within fifteen (15) calendar days from entry of this Order and Reasons.

New Orleans, Louisiana, this 16th day of May 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**